CLAY COUNTY ICE COMPANY *v.* LITTLEFIELD.

4-3085

Opinion delivered October 2, 1933.

*Oliver & Oliver,* for appellant.
*C. T. Carpenter,* for appellee.

SMITH, J. The facts in this case, which are few and simple, are as follows. Appellees Littlefield and Companiotte owned lots 3 and 4, respectively, in block 12, of the town of Corning, and have resided thereon for a number of years. Long after appellees had built their residences on the lots referred to the Corning Ice & Electric Company erected, in 1929, an ice, electric light and bottling plant in the same block on lots directly opposite those of appellees. In September, 1930, after the plant had been in operation for some time, Littlefield brought suit against the ice company for damages to his property resulting from the operation of the plant, and recovered a judgment for a thousand dollars. Later Companiotte brought a similar suit, and recovered judgment for the same amount. This last suit appears not to have been contested.

The Corning Ice & Light Company was adjudged a bankrupt, and an execution which issued upon the judgment was placed in the hands of the sheriff, who made a *nulla bona* return thereon. At the sale of the Ice & Light Company's assets in the bankruptcy proceeding the holders of bonds issued by the Ice & Light Company, which were secured by a deed of trust on the property,

bought it, and thereafter operated the plant after changing its name to the Clay County Ice Company.

The reorganized company abandoned the light plant, and continued operation of the ice plant, and it was shown that whereas the old company had operated two engines twenty-four hours a day, the new company operated only one engine, and that for a portion only of the day. It may be said, however, without reciting the testimony, that the court was fully warranted in finding that the vibration, smoke, and ammonia fumes connected with the plant, constituted it a nuisance.

The law of the case was declared in *Bickley* v. *Morgan Utilities Co., Inc.,* 173 Ark. 1038, 294 S. W. 38, where it was held, to quote a headnote, that "The operation of an ice plant in a residential district *held* a nuisance and should be restrained, where it materially injured property and annoyed the residents, regardless of how well it was constructed or conducted."

The appellant ice company insists that relief by way of a restraining order abating the nuisance should not have been granted, but that appellees should have been remitted to an action at law, as any damage could have been thus compensated, and that relief by the award of damages only should have been granted because of the disproportionate hardship which abating the nuisance will inflict. The case of *City of Harrisonville* v. *Dickson Clay Mfg. Co.,* 53 Supreme Court Reporter (U. S.) 602, is cited in support of that contention. We think, however, under the rule announced in the Bickley case, *supra,* that appellees are entitled, under the facts of the instant case, to the relief granted. The court found the fact to be that the operation of the plant is a nuisance, "has damaged the property of the plaintiffs, interferes with their enjoyment thereof, and probably is also injurious to the health of plaintiffs and their families." If this finding be true—and the testimony supports it— other property owners in the same residential section would suffer in the same manner, if not to the same extent, and the relief granted was properly awarded.

It is insisted that appellees estopped themselves from asking the relief granted them. The basis of this contention is that they signed a certain petition and a certain agreement. The petition reads as follows:

"We the undersigned citizens of Corning, Arkansas, and users of ice, respectfully request that the Corning Ice Company proceed as rapidly as possible with the construction of the plant which has just been started, in order that there may be no question about our being supplied with ice in a satisfactory manner the ensuing summer."

The agreement reads as follows: "If W. F. Moody, or his assigns, will, pursuant to the terms of ordinance No. 196, make arrangements to furnish light and power to the inhabitants of Corning at a rate which is less than that which is now being charged, we, the undersigned promise that we will become customers and buy current from him."

One of the appellees testified that he was assured by an official of the Corning Ice & Light Company, before the plant had been constructed, that it would be without objectionable features; but we think there is nothing in the petition which estops a signer thereof from raising the question that the plant had not been properly constructed or was not properly operated and had become a nuisance.

The agreement to use light and power if it be furnished at a rate less than which the signers were then being charged cannot be construed as a written assent that a nuisance might be maintained.

The decree appears to be correct, and it is therefore affirmed.